## Marangeli v. Biscontini.

*Practice, C. P. — Negligence — Contributory negligence — Instructions to jury—Automobiles — Motorcycles — Ownership — Evidence — License list of State Highway Department—Admissibility.*

1. A publication under authority of a department of the State, and recording its official acts—as in granting automobile licenses—is admissible without authentication to corroborate a witness in assertion of ownership, evidence having been previously introduced that the car was purchased with witness's own money, and that at the time of the accident it bore the license tag to correspond with the numbered tag issued by the State.

2. In a suit by a motorcycle owner against an automobile owner for damages from a collision, before verdict for one party, the jury must be satisfied that the other managed his machine with reasonable care.

Motion for new trial. C. P. Luzerne Co., July T., 1921, No. 385.

*Richard B. Sheridan* and *E. F. McGovern,* for plaintiff.

*T. D. Shea* and *John Memelo,* for defendant.

McLEAN, J.—Frank Marangeli and Carlo Bontempi brought separate actions in trespass against Julio Biscontini, and by agreement of counsel both actions were tried together.

Frank Marangeli, on June 10, 1920, was the owner of a motorcycle, and on that date he was driving said motorcycle on the river road, in the Township of Plains, Carlo Bontempi riding behind him on the rear seat. They were struck by an automobile which plaintiffs contend was the property of Julio Biscontini, the defendant. Plaintiffs were thrown to the ground and injured and the motorcycle of Marangeli was damaged. To recover damages for these injuries the above suits were brought. At trial, defendant denied ownership of the automobile and produced evidence of ownership in Hercules Biscontini, his son. The jury returned a verdict for defendant in both cases. Plaintiffs filed reasons for new trial, which are now before us.

Plaintiffs contend that the court erred in admitting in evidence a departmental publication, referred to as a "List of Motor Vehicle Registrations and Licenses issued by the State Highway Department of Pennsylvania." First, because the document was not properly authenticated; and, secondly, because, even if properly authenticated, it was not competent evidence to corroborate Hercules Biscontini in his assertion of ownership, which was the purpose for which it was offered.

We are satisfied that the publication was admissible without authentication as a publication made under authority of a department of the State of Pennsylvania and record of its official acts in granting automobile licenses (Ruling Case Law, Supplement 2, par. 335, page 1156), and that the evidence was properly admitted to corroborate the witness in his assertion of ownership, evidence having been previously introduced that the car had been purchased by the witness with his own money, and at the time of the accident the car bore the license tag corresponding to the license issued. The automobile laws of the State of Pennsylvania impose upon the owners of automobiles the duty of obtaining licenses therefor, and it would seem that the witness would be entitled to show compliance with the law as a circumstance corroborating his assertion of ownership, although, as stated by the court in its instructions to the jury, as an independent fact, it had no probative or evidential value in proving ownership.

Exception was taken to the court's instructions to the jury as follows:

"In order that you may find a verdict for Frank Marangeli, who was the operator of the motorcycle and owner of the motorcycle, you must find the

3 D. & C.

further fact that he, Frank Marangeli, from all the evidence in the case, was free from contributory negligence or negligence on his part which contributed to the accident."

Also: "Then, in order that you may find a verdict in favor of Frank, the owner of the motorcycle, you must be satisfied from all the evidence in the case that the motorcycle was driven in such a way by him as not to have contributed to the accident. In other words, that he used reasonable care and drove his motorcycle in such a way as to have avoided injury had it not been for the negligence of the defendant, if you find that he was so negligent."

Plaintiff contends that the effect of these instructions was to impose upon plaintiff the burden of showing affirmatively that he was not guilty of contributory negligence. We cannot agree with plaintiff's counsel in their construction put upon the court's instructions to the jury. Clearly, before a recovery could be had by this plaintiff, the jury was obliged to find from all the evidence that the plaintiff was free from contributory negligence, and manifestly that was the plain and accurate meaning of the words used.

Exceptions dismissed, motion for new trial denied, and judgment directed to be entered for the defendant upon the verdict.

From F. P. Slattery, Wilkes-Barre, Pa.